## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

KLAMCO ELECTRONICS, INC.,
    Plaintiff,

v.

                                              Civil No. 98-2109 (HL)

ZEVATECH, INC., et. al.,
    Defendants.

### ORDER

    The pretrial and settlement conference for this case is scheduled for **April 20, 2000,** at **11:00 a.m.** The scheduling order heretofore entered in this case, shall remain in full force and effect.

    In order to conduct a meaningful settlement conference, counsel for the parties are to appear fully prepared and with full authority to discuss and reach settlement, and shall comply with the following procedure:

    1. The parties are **ordered** to have their principals available by phone during the settlement conference.

    2. Plaintiffs' counsel shall serve counsel for the defendants with a written demand on or before **March 20, 2000,** setting forth a settlement figure and the justification therefor in detail.

    3. Counsel for the defendants shall serve counsel for the plaintiffs on or before **April 10, 2000,** a written reply accepting, rejecting, or submitting a counter-proposal to



2

plaintiffs' settlement demand and the justification therefor. Proposed settlement figures are not to be filed with the Court.

4. Counsel are instructed to meet with each other prior to the scheduled settlement conference in a good faith effort to negotiate and achieve, if possible, settlement.

5. The parties shall meet prior to the conference to prepare a **proposed Pretrial Order**. The proposed Pretrial Order shall be filed two days prior to the pretrial and settlement conference. The Order shall contain each party's (1) factual version; (2) legal theory; (3) witness list accompanied by a short statement of each witness' intended testimony; (4) expert list; and (5) evidence list. In addition, the proposed order shall also include a list of stipulated uncontested facts.

The Court advises counsel that any unjustified noncompliance with the provisions of this Order, such as being substantially unprepared for counsel's meeting or for the subsequent settlement conference, or failure to participate in good faith in settlement negotiations, shall constitute good cause for the imposition of sanctions under F.R.Civ.P. 16(f).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, February 22, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge.